IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY CHERRY and LOCAL 733 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS | | PLAINTIFF |
| VS. | CIVIL ACTION NO.: | 1:18-cv-88-LG-RHW |
| HUNTINGTON INGALLS INCORPORATED | | DEFENDANT |

## COMPLAINT

### (JURY TRIAL REQUESTED)

Jeremy Cherry and Local 733 of the International Brotherhood of Electrical Workers, Plaintiffs herein, appears and for their cause of action against Huntington Ingalls Incorporated would set forth the following circumstances:

1. This is an action to determine the arbitrability of a grievance under a collective bargaining agreement, and arises under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. In addition and in the alternative, Plaintiff Jeremy Cherry alleges several pendent, state law claims arising out of his termination.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185 and 28 U.S.C. § 1367. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff Jeremy Cherry is an adult resident citizen of Moss Point, Jackson County, Mississippi.

4. Local 733 of the International Brotherhood of Electrical Workers is a labor organization within the meaning of § 2(5) of the LMRA, 29 U.S.C. § 152(5), representing employees in Mississippi, including the Mississippi Gulf Coast.

5. Defendant Huntington Ingalls Incorporated is a corporation organized and existing under the laws of Delaware. Huntington Ingalls Incroporated has appointed C.T. Corporations Systems, 645 Lakeland Drive East, Suite 101, Flowood, MS. 39232, as an entity authorized to accept legal process on its behalf. Huntington Ingalls, Incorporated is an employer within the meaning of § 2(2) of the LMRA, 29 U.S.C.§ 152(2), whose principal place of business is in Pascagoula, Mississippi.

## FACTS

6. As of April 12, 2016, Cherry was an employee of Huntington Ingalls Incorporated.

7. Plaintiff, Local 733 and Defendant Huntington Ingalls, Incorporated are parties to a Collective Bargaining Agreement (CBA) . A true and correct copy of the CBA is attached hereto as exhibit "A."

8. Between Twelve noon and 1:00 p.m., on April 12, 2016, Cherry was driving his car on St' Pe Highway, approaching the premises of Huntington Ingalls Incorporated and Gate 1.

9. As Cherry approached Gate 1, a security guard asked him to pull his car to the side of the road, and asserted that Cherry was exceeding the posted speed limit.

10. When Cherry inquired as to whether the radar was properly calibrated, the security guard asked Cherry to step out of his vehicle so the security guard could search Cherry's car.

11. While searching Cherry's car, the security guard found a pistol in the glove box.

12. Cherry had inadvertently left the pistol in the glove box having forgotten to remove it prior to coming to work.

13. Defendant Huntington Ingalls Incorporated terminated Cherry because a handgun was found in Cherry's car while Cherry was traveling to work.

14. Defendant Huntington Ingalls Incorporated terminated Cherry unlawfully. Specifically, the termination of Cherry's employment was in violation of Mississippi Code § 45-9-55 and the public policy of Mississippi.

15. Although Defendant Huntington Ingalls Incorporated knew or should have known of Mississippi Code § 45-9-55 and the public policy reflected thereby, Defendant Huntington Ingalls wrongly and willingly disregarded the law and terminated Cherry, believing that the law "did not apply" to Huntington Ingalls Incorporated.

16. During all relevant times, Cherry was a member of Local 733 of the International Brotherhood of Electrical Workers.

17. The CBA provides a procedure whereby employees and members may grieve terminations, disciplinary actions, and adverse employment decisions. (CBA Articles 17 & 18.

18. Defendant Huntington Ingalls Incorporated refused, without cause or legitimate or arguable reason, to submit Cherry's termination through the grievance procedure set forth in the collective bargaining agreement.

## CAUSES OF ACTION

I

**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT BETWEEN LOCAL 733 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS AND HUNTINGTON INGALLS, INCORPORATED.**

A. Request for an ORDER enjoining Huntington Ingalls, Inc. to arbitrate Cherry's termination.

19. Local 733 attempted to grieve Cherry's termination through the procedure set forth in the CBA.

20. Huntington Ingalls, Inc. asserted that Cherry's termination was not subject to arbitration under the CBA, because an arbitrator would have to interpret state law– an eventuality prohibited under the CBA. (CBA at Article 18, Section 2 (a)).

21. At the time of Cherry's termination, and Local 733's request for arbitration under the CBA, Mississippi Code § 45-9-55 had already been interpreted by the Mississippi Supreme Court and subsequently by the United States District Court for the Southern District of Mississippi. Thus an arbitrator would not be required to interpret Mississippi Code § 49-9-55, and arbitration of Cherry's termination would not pose a risk of inconsistent results between the arbitrator's decision and the decision of a state or federal court.

22. Moreover, the CBA provides that state law shall provide the rule of decision where the CBA and state law conflict. (CBA at Article 26, Section 3.) Commonly known as a "zipper clause" this portion of the CBA further provides that those portions of the CBA which do not conflict with state law will remain enforceable and binding.

23. Because Mississippi Code § 45-9-55 has been conclusively interpreted, and because Huntington Ingalls, Incorporated is relying upon a clause in the CBA superceded by § 45-9-55 to terminate Cherry, Local 733 believes it has a *bona fide*, good faith belief that Cherry's termination was without cause, and should be submitted to arbitration pursuant to the CBA.

24. Local 733 lacks an adequate remedy at law because there is no legal process for recovery of damages arising out of the injury to Local 733's reputation or good will among its members, should Huntington Ingalls, Incorporated refuse to arbitrate Cherry's termination.

25. Local 733 demands an ORDER enjoining Huntington Ingalls, Incorporated to submit Cherry's termination to arbitration pursuant to the procedures set forth in the CBA.

II

**BREACH OF EMPLOYMENT CONTRACT**

26. The terms and conditions of Cherry's employment are set out in the CBA.

27. Pursuant to the CBA, Huntington Ingall's Incorporated could only terminate Cherry for "cause."

28. Huntington Ingalls Incorporated breached the terms of the CBA and the employment contract with Cherry by terminating him without cause, and in violation of Mississippi Code §45-9-55.

29. Cherry's termination arose solely out of Cherry's legal possession of a licenced firearm– a right and privilege guaranteed to Cherry by the Mississippi Constitution and Public law.

30. Defendant Huntington Ingalls, Incorporated asserts, that because Cherry's termination implicates interpretation of a state statute, the grievance procedures set forth within the CBA are unavailable to Cherry. Huntington Ingalls, Incorporated has refused Cherry's requests for arbitration.

31. Because Hutington Ingalls Incorporated wrongfully breached the employment contract, Cherry suffered pecuniary and emotional injury. If the Court declines to provide an ORDER enjoining Huntington Ingalls, Incorporated to grieve his termination pursuant to the CBA, then in the alternative, Cherry seeks damages arsing out of Huntington Ingalls, Incorporated arising out of the breach of the employment contract.

III

**BAD FAITH**

32. Both Cherry and Huntington Ingalls, Incorporated owed a duty of "good faith" in executing the contract between them.

33. The duty of good faith and fair dealing-- implicit in every contract entered into and performed in Mississippi-- requires that neither party knowingly and willingly frustrate the legitimate, contractual expectations of the other party for malicious or malevolent purposes.

34. Huntington Ingalls Incorporated breached the duty of good faith and fair dealing by violating Mississippi Code § 45-9-55 and terminating Cherry solely for excercising the right to keep and bear arms guaranteed Cherry by the Mississippi Constitution and the public law.

35. Because Huntington Ingalls Incorporated breached the duty of good faith and fair dealing implicit in the contract, Cherry suffered pecuniary and emotional injury.

IV

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

36. Defendant Huntington Ingalls, Incorporporated owed a common law duty to Cherry to behave reasonably towards him and avoid inflicting negligent injury upon him.

37. Defendant Hutington Ingalls Incorporated breached this duty by firing Cherry without cause and in violation of Mississippi Code § 45-9-55.

38. Cherry suffered physical harm with emotional distress as a result of this negligence.

39. The actions of Huntington Ingalls Incorporated were a substantial factor in causing Cherry's emotional distress.

40. It was foreseeable that this action committed by Huntington Ingalls Incorporated would cause Cherry emotional distress.

41. Cherry respectfully requests a judgment of and from Huntington Ingalls Incorporated compensating him for the following elements of damage:

    a. Lost wages from and after April 14, 2016 until trial;

    b. Lost wages from and after trial for a period to be determined by a jury;

    c. Compensaton for lost benefits including but not limited to 401k and other retirement plans, health and accident insurance, life insurance, and any other lost benefit which had been afforded Cherry due to his employment at Huntington Ingalls, Incorporated. ;

    d. Mental and Emotional pain and suffering proximately caused by Cherry's wrongful termination;

    e. Consequential damages including but not limited to attorney's fees incurred by Cherry in bringing and maintaining this action. ; and

    f. Punitive damages for the knowing and willful violation of Cherry's rights guaranteed by the Constitution of the State of Mississippi and public law.

42. . Plaintiff Local 733 of the International Brotherhood of Electrical Workers requests a judgment of Huntington Ingalls Incorporated enjoining them to adhere to and abide by the collective bargaining agreement. In addition to injunctive relief Plaintiff Local 733 of the International Brotherhood of Electrical Workers' requests attorneys fees and costs incurred in bringing and prosecuting this action.

43. **WHEREFORE, PREMISES CONSIDERED,** in that the aforesaid injuries and damages were all proximately caused or contributed to by the acts of Huntington Ingalls, Incorporated, Cherry respectfully prays:

      a.      That after expiration of all legal delays and due proceedings there be a judgement hearing in favor of Jeremy Cherry against Huntington Ingalls, Incorporated holding Defendant liable for the following relief:

      i.      Judgment hearing in favor of Jeremy Cherry against Defendants, for compensatory and punitive damages in an amount justified by the evidence at trial, plus any applicable interest on said sum including prejudgment and post-judgment interest in the highest amount allowed by law;

      ii.      Judgment hearing in favor of Jeremy Cherry and against Huntington Ingalls Incorporated , for punitive damages as allowed by law in an amount justified by the evidence at trial, plus any applicable interest on said sum including prejudgement and post-judgment interest in the highest amount allowed by law;

      iii      Attorney's fees and costs incurred in bringing and prosecuting this action; and

      ii.      All other legal or equitable relief to which Cherry is entitled.

44.      **WHEREFORE, PREMISES CONSIDERED,** in that the aforesaid injuries and damages were all proximately caused or contributed to by the acts of Huntington Ingalls, Incorporated, Local 733 of the International Brotherhood of Electrical Workers respectfully prays:

      a.      That after expiration of all legal delays and due proceedings there be a judgement hearing in favor of Local 733 against Huntington Ingalls, Incorporated holding Defendant liable for the following relief:

      i.      Judgment hearing in favor of Local 733 against Defendants, for an ORDER enjoining Huntington Ingalls, Incorporated to abide by and be bound by the collective bargaining agreement and to submit Cherry's termination to arbitration pursuant to the CBA; and

      ii      Attoney's fees and costs incurred in bringing and prosecuting this action; and

      iii.      All other legal or equitable relief to which Local 733 is entitled.

Respectfully submitted,
**JEREMY CHERRY,**
**LOCAL 733 OF THE INTERNATIONAL BROTHERHOOD ELECTRICAL WORKERS,**
**PLAINTIFF**

BY:    /s/Roger K. Doolittle
MSB No.: 6149
460 Briarwood Drive
Suite 500
Jackson, Mississippi 39206
Telephone: (601) 957-9777
E-Mail: rogerkdoolittle@aol.com

/s/ Jonathan B. Fairbank
MSB No.: 5119
P.O. Box 13276
Jackson, MS. 39235-3276
Telephone: (601) 956-8999
E-Mail: jonfairbanklaw@gmail.com