IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEREMY CHERRY and
LOCAL 733 OF THE INTERNATIONAL                            PLAINTIFFS
BROTHERHOOD OF ELECTRICAL WORKERS

VS.                                           CIVIL ACTION NO. 1:18CV88-LG-RHW

HUNTINGTON INGALLS INCORPORATED                           DEFENDANT

## ANSWER

Defendant Huntington Ingalls Incorporated ("HII") answers the plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or judicial estoppel.

### THIRD DEFENSE

HII is entitled to prohibit employees from having firearms on its property. HII's policies prohibit employees from having firearms on its property and provide that employees who violate the prohibition may be discharged. HII's discharge of the plaintiff was lawful.

### FOURTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the at-will employment doctrine.

### FIFTH DEFENSE

The plaintiffs' claims are barred to the extent they have failed to mitigate their alleged damages.

### SIXTH DEFENSE

The plaintiffs' claims are not arbitrable because the Collective Bargaining Agreement (CBA) prohibits the arbitrator from interpreting any state or federal statute.

### SEVENTH DEFENSE

Alternatively, the plaintiffs unreasonably delayed in seeking arbitration.

### EIGHTH DEFENSE

The plaintiffs' claim for breach of the CBA is limited by the terms of the CBA.

### NINTH DEFENSE

The plaintiffs' request for punitive damages is barred because any award of punitive damages would violate provisions of the Constitution of the State of Mississippi and the Constitution of the United States of America.

HII reserves the right to amend or add additional defenses or affirmative defenses.

HII responds to the Complaint, paragraph by paragraph, as follows:

To the extent that the allegations in the first unnumbered paragraph of the Complaint require a response, HII denies them.

1. There are no allegations in this paragraph that require a response, but to the extent a response is necessary, HII denies that the plaintiffs are entitled to any relief from HII.

## JURISDICTION AND VENUE

2. HII admits that the Court has subject matter jurisdiction and that venue is proper.

## PARTIES

3. HII admits upon information and belief the allegations in paragraph 3.

4. HII admits the allegations in paragraph 4.

5. HII denies that it is a Delaware corporation but admits that it is licensed to do business in Mississippi and that it may be served with process with service on its registered

agent, CT Corporation System. HII admits that it is an employer but denies that its principal place of business is located in Pascagoula, Mississippi. HII's principal place of business is in Virginia. HII denies the remaining allegations in paragraph 5.

## FACTS

6. HII admits that Plaintiff Jeremy Cherry ("Cherry") was employed by HII as of April 12, 2016.

7. HII admits that HII and Plaintiff Local 733 of the International Brotherhood of the International Brotherhood of Electrical Workers (the "Union") are parties to the CBA. HII denies the remaining allegations in paragraph 7.

8. HII admits that around 12:20 p.m. on April 8, 2016, an HII Security Officer witnessed Cherry speeding on an access road located on HII's property. HII denies the remaining allegations in paragraph 8.

9. HII admits that Cherry was pulled over on April 8, 2016 by an HII Security Officer for speeding. HII denies the remaining allegations in paragraph 9.

10. HII admits that the officer asked Cherry to step out of his truck. HII denies the remaining allegations in paragraph 10.

11. HII admits that the officer searched Cherry's truck and discovered in the glove compartment a loaded Ruger handgun containing a magazine with six bullets and an additional magazine containing seven bullets.

12. HII does not have sufficient information to admit or deny the allegations in paragraph 12 and therefore denies them.

13. HII admits that on April 14, 2016, it terminated Cherry's employment because he violated HII's Company Rules and Regulations − Possession of Prohibited Items on Company Property. HII denies the remaining allegations in paragraph 13.

14. HII denies the allegations in paragraph 14.

15. HII admits that it was aware of Miss. Code Ann. § 45-9-55 but denies the remaining allegations in paragraph 15.

16. HII admits based on information and belief that Cherry was a member of the Union in April 2016. HII denies the remaining allegations in paragraph 16.

17. The CBA speaks for itself.

18. HII denies the allegations in paragraph 18.

## CAUSES OF ACTION

## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT BETWEEN LOCAL 733 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS AND HUNTINGTON INGALLS, INCORPORATED

19. HII denies the allegations in paragraph 19.

20. HII admits that it informed the Union that this dispute was not arbitrable under the CBA.

21. HII admits that Miss. Code Ann. § 45-9-55 has been interpreted but denies the remaining allegations in paragraph 21.

22. The CBA speaks for itself.

23. HII denies the allegations in paragraph 23.

24. HII denies the allegations in paragraph 24.

25. HII denies that the Union is entitled to an order requiring HII to submit its decision to terminate Cherry's employment to arbitration under the CBA or to any other relief.

## BREACH OF EMPLOYMENT CONTRACT

26. HII admits that the CBA provides terms and conditions of employment for the bargaining unit to which Cherry belonged.

27. The CBA speaks for itself.

28. HII denies the allegations in paragraph 28.

29. HII admits that Cherry was terminated for possession of a firearm but denies the remaining allegations in paragraph 29.

30. HII admits that this dispute is not arbitrable under the CBA and that it has declined to arbitrate it.

31. HII denies the allegations in paragraph 31 and denies that Cherry is entitled to damages.

## BAD FAITH

32. Paragraph 32 is a contention of law that does not require a response.

33. Paragraph 33 is a contention of law that does not require a response.

34. HII denies the allegations in paragraph 34.

35. HII denies the allegations in paragraph 35.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Paragraph 36 is a contention of law that does not require a response.

37. HII denies the allegations in paragraph 37.

38. HII denies the allegations in paragraph 38.

39. HII denies the allegations in paragraph 39.

40. HII denies the allegations in paragraph 40.

41. HII denies the allegations in paragraph 41, including subparts a-f, and further denies that Cherry is entitled to any relief.

42. HII denies the allegations in paragraph 42, and further denies that the Union is entitled to any relief.

43. HII denies the allegations in paragraph 43, including all subparts, and further denies that Cherry is entitled to any relief.

44. HII denies the allegations in paragraph 44, including all subparts, and further denies that the Union is entitled to any relief

## Conclusion

HII requests that the Court dismiss the Complaint and enter judgment in its favor, together with an award of costs, attorneys' fees, and any other relief the Court finds proper.

Dated: May 8, 2018.

Respectfully submitted,

HUNTINGTON INGALLS INCORPORATED


By: s/Brooks Eason
    BROOKS EASON


OF COUNSEL:

Brooks Eason, MSB No. 5286
Adam Gates, MSB No. 102305
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Tel: (601) 351-2400
Fax: (601) 351-2424
Email: beason@bakerdonelson.com
       agates@bakerdonelson.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notice to the following:

>Roger K. Doolittle
>460 Briarwood Drive
>Suite 500
>Jackson, Mississippi 39206
>rogerkdoolittle@aol.com
>
>Jonathan B. Fairbank
>P.O. Box 13276
>Jackson, MS. 39235-3276
>jonfairbanklaw@gmail.com

Dated: May 8, 2018.

                                           s/Brooks Eason
                                           Of Counsel